### STATE, Plaintiff, v. HAMM, Defendant.

Common Pleas Court, Hamilton County.

No. 62963. Decided February 8, 1952.

C. Watson Hover, Pros. Atty., Robert N. Ziegler, Leonard Kirschner, Asst. Pros. Attys., Cincinnati, for plaintiff.

Loyal S. Martin, Cincinnati, for defendant.

## OPINION

By SCHNEIDER, J:

Defendant was found guilty by a jury of manslaughter in the second degree and the cause is now before the Court on a motion for new trial which sets out fifteen grounds of error. Oral arguments were presented and three of the grounds specifically urged were:

1. Error in permitting the defendant on cross-examination to be asked certain questions regarding his prior conviction of offenses;

2. Misconduct of the Prosecuting Attorney;

3. That there was a failure of proof that death of decedent occurred as the proximate result of a violation by defendant of any statute regulating the operation of his motor vehicle which he was operating at the time.

As to this last claim, it was already announced that in the opinion of the Court there was sufficient evidence of a direct and circumstantial nature to present a question of fact for the jury.

As to the claim of misconduct on the part of the Prosecuting Attorney, the Court has carefully read the transcript of the record of cross-examination of defendant and has reviewed other incidents complained of by counsel for defendant, and while the Court agrees that the Prosecuting Attorney deliberately and improperly repeated questions, the competency, relevancy and materiality of which once had been passed upon, the Court is unable to say that this constituted misconduct or that the jury was unduly influenced thereby or that defendant failed to receive a fair trial under the rulings and instructions of the Court.

We come now to consider the claim of error in permitting defendant to be cross-examined as to former convictions.

The simple question involved is whether conviction in a Magistrate's or Mayor's Court on an affidavit based upon the provisions of a municipal ordinance is proper to be shown if such offense is also a crime defined by statutes enacted by the Legislature.

There is no direct authority, that this Court can find, in Ohio, on this question. The Court has reviewed the cases of **Coble v. State, 31 Oh St 100; Harper v. State, 106 Oh St 481; Kornreich v. Industrial Fire Insurance Company, 132 Oh St 78** and other cases referred to therein.

In **State v. Carter, 75 Oh Ap 545,** the Court of Appeals of Cuyahoga County held it error for the trial court to refuse to permit a witness called by the State to be asked whether he had been convicted of a felony or a misdemeanor, and, in the opinion, commented as follows:

"Whether, under modern trends whereby the cities in Ohio have the right of home rule under charters adopted by the people upon constitutional authority, conviction of a crime, defined by the ordinances of such city which have the effect of law and not just simple police regulations as earlier considered, should be excluded as a means of challenging the credibility of a witness, presents a serious question. At least the reason why such a conviction could not be shown does no longer exist."

It is well settled that a witness may not be cross-examined as to convictions under city ordinances punishing acts which are not defined and punished as crimes by the Legislature. (Coble v. State, supra). The Harper case supports this view but does not decide the point here involved.

In the Kornreich case, (a civil proceeding) the Court reiterates the doctrine asserted in the case of **Wagner v. State, 115 Oh St 136,** to the effect that a party may be asked, for the purpose of reflecting upon his credibility whether he had been convicted of treason, a felony or an offense "crimen falsi" as recognized in the common law and, as obiter dictum in the opinion, the Court said that it would be most unfair to a witness to ask him "whether or not he had been convicted of assault and battery" inasmuch as assault and battery in nowise reflects upon credibility.

In the trial of civil cases §11493 GC provides:

"All persons are competent witnesses * * *" thereby removing the disability, under common law, of persons with a criminal record.

In the trial of criminal cases, the language of our statute is clear, (§13444-2 GC), namely:

"No person shall be disqualified as a witness in a criminal prosecution by reason of his conviction of crime * * * but such conviction may be shown for the purpose of affecting the credibility of such witness."

Sec. 12372 GC, classifies offenses in this State as "felonies" and "misdemeanors."

Sec. 3628 GC, enumerates one of the powers of Municipal corporations as follows:

"To make the violation of ordinances a misdemeanor and to provide for the punishment thereof, etc."

It would seem therefore to this Court that a person who has been prosecuted in a Municipal Court under provisions of an ordinance duly enacted under authority of law by said Municipality, punishing an act which is also defined and punished by State statute, is in no different position, from the standpoint of his vulnerability as a witness, than would be the person who was prosecuted for the same act under a State statute in some Court outside of a Municipality. Any other interpretation would place an unfair burden upon persons convicted in territory other than Municipal corporations.

The question addressed to the witness in the instant case after he denied prior conviction for a State or Federal offense is whether he had been convicted of operating a motor vehicle while drunk. Accepting the interpretation decreed in the Kornreich case, this Court is of the opinion that such offense is in a different classification than that of assault and battery; is in fact a "crimen falsi," and well within the category of "high crimes and misdemeanors," being the language used in Harper v. State, supra, at page 484.

The motion for new trial will be overruled.